☒ FILED  ☐ RECEIVED

**May 6, 2025**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

TIMOTHY COURCHAINE
United States Attorney
District of Arizona
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | Mag. No 25-01986mj |
|---|---|
| Plaintiff, | CR 25-2086-BGM |
| vs. | PLEA AGREEMENT |
| Joshua Castro, | (Flip-Flop) |
| Defendant. | Fast Track U.S.S.G. § 5K3.1 |

The parties enter into the following agreement:

1. Defendant will enter a plea to Count 2 of the Information, Accessory After the Fact to Enter the United States at an Improper Time or Place, a misdemeanor offense, in violation of 8 U.S.C. § 1325(a)(1), 18 U.S.C. § 3. This plea will occur no later than the time set for detention hearing/preliminary hearing.

2. The government will dismiss Count 1 of the Information, Transportation of Aliens for Profit, a felony, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i). This charge, if proven, carries a maximum sentence of ten years imprisonment, a fine of $250,000, three years supervised release, and a $100 special assessment. The government will dismiss this charge at the time of sentencing.

3. The elements of Accessory After the Fact to Enter at an Improper Time or Place are as follows:

    a. An alien entered the United States at a place other than a port of entry;

    b. The defendant received, relieved, comforted or assisted the alien after he or she had illegally entered the United States;

    c.    The defendant was aware of facts, direct or circumstantial, that would have put him or her on notice that the alien entered the United States at a place other than a port of entry; and

    d.    The defendant assisted the alien so that the alien would not be apprehended by law enforcement.

4.    The maximum penalty for the offense to which the defendant is pleading guilty is three (3) months in custody, a $2,500 fine, and a $10 special assessment.

5.    Pursuant to this plea agreement and Fed. R. Crim. P.11(c)(1)(C), the government and the defendant stipulate and agree to a sentence of 90 days of imprisonment. Defendant is to receive credit for all time he/she has served to date and shall be deducted from the stipulated sentence. The government and the defendant reserve the right to withdraw from this agreement if the sentence is less or more than 90 days.

6.    The parties waive a Pre-Sentence Investigation Report and agree that sentencing will occur on the date of the change of plea.

7.    The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences may be the subject of a separate judicial or administrative proceeding, and the defendant has discussed the direct and collateral implications this plea agreement may have with his or her defense attorney. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is defendant's automatic removal from the United States.

8.    Defendant waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (4) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c)

(except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

9. <u>Factual Basis for Plea</u>:

On or about April 10, 2025, in the District of Arizona, I, Joshua Castro, did move certain illegal aliens by transporting them in a vehicle further into the United States. I knew that the aliens whom I was transporting were illegally in the United States and that they had entered the United States at a place other than as designated by immigration officers and did not enter through a Port of Entry. I knowingly assisted the alien(s) so that the alien(s) would not be apprehended by law enforcement.

4-22-25
Date

_Walter J. [signature] for_
**Joshua Castro**
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

4-22-25
Date

[signature]
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

4/14/25
Date

Assistant U.S. Attorney